# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

TIMOTHY WILLIAMS, *et al.*,

    Plaintiffs,

vs.

CLARK COUNTY, *et al.*,

    Defendants.

Case No. 2:18-cv-01881-APG-VCF

**ORDER**

APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* [EFC NOS. 1, 1-1] AND COMPLAINT [EFC NO. 1-2]

    Before the Court are Plaintiffs Timothy and Kayla Williams' applications to proceed *in forma pauperis* (ECF Nos. 1, 1-1) and complaint (ECF No. 1-2). For the reasons stated below, the Williams' *in forma pauperis* applications are granted. The Court, however, finds that several claims in Williams' complaint must be dismissed without prejudice.

## DISCUSSION

    The Williams' filings present two questions: (1) whether they may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether their complaint states a plausible claim for relief. Each is discussed below.

**I.    The Williams May Proceed *In Forma Pauperis***

    The Williams's applications to proceed *in forma pauperis* are granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to their affidavits, the Williams are homeless (ECF No. 1 at 2) and receive monthly food stamps (ECF No. 1-1 at 1). The Williams' applications to proceed *in forma pauperis* are, therefore, granted.

1

**II.      Section 1915(e) Screening**

Because the Court grants the Williams' applications to proceed *in forma pauperis*, the Court must review the Williams' complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Williams bring 42 U.S.C. § 1983 and declaratory relief claims against Defendants associated with, or allegedly conspiring with, the Clark County Department of Family Services. (ECF No. 1-2 at 1, 11, 14, 18). The Williams allege that Clark County; the Clark County Department of Family Services; Dignity Health hospital; social workers Maria McClay, Eieshia Smith, and Martha Cardiel; Dr. Leticia Campbell; Child Haven; and Ombudsman Tisa Evans conspired to wrongfully remove the Williams' minor children from the Williams' care, custody and control. (*Id.* at 1-6, 14-15). The Williams also allege that Kayla Williams was "falsely imprisoned on a police hold without medical necessity" and was forced into labor without informed consent. (*Id.* at 4-5).

Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law." *Lopez v. Armstread*, No. 3:13-CV-00294-MMD, 2015 WL 2194183, at *4 (D. Nev. May 11, 2015). "Two provisions of the Constitution protect the parent-child relationship from unwanted interference by the state: the Fourth and the Fourteenth Amendments." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 788 (9th Cir. 2016). "[P]arents 'have a well-elaborated constitutional right to live' with their children that 'is an essential liberty interest.'" *Id.* at 789

(quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999)). Individuals also have the right to be secure in their persons against unreasonable seizures without a warrant. U.S. Const. amend. IV.

As a preliminary matter, the Court notes that the Williams can only represent their own interests in this case, not the interests of their minor children. "[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer," *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997), even in cases where the parent cannot afford to hire a licensed attorney. *Buran v. Riggs*, 5 F.Supp.3d 1212, 1216 (D. Nev. 2014). Therefore, the Court will only determine whether the Williams have sufficiently alleged that their own rights were violated by the various Defendants.

The Williams sufficiently allege their § 1983 and declaratory relief claims against social workers Eieshia Smith and Martha Cardiel. The Williams allege that the Clark County Department of Family Services social workers (1) took the Williams' children despite being told that the Williams could care for their children and (2) lied at a protective custody hearing. (ECF No. 1-2 at 7-10). Taken as true, these actions violate the Williams' rights under the Fourteenth Amendment, and the social workers were acting under the color of state law. Though the social workers may raise issues with immunity once they have been served with the complaint, Defendants bear the burden of establishing immunity, *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003), and the Court will not address this issue *sua sponte*.

The Williams sufficiently allege their § 1983 and declaratory relief claims against Clark County and the Clark County Department of Family Services. A municipality and municipal entity can be sued under § 1983 for a policy that "amounted to a deliberate indifference to [plaintiff's] constitutional right" if the "policy was the 'moving force behind the constitutional violation.'" *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (quoting *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996)). The Williams allege that Clark County and the Clark County Department of Family Services (1) have the policy of removing children from their family without exigent

3

circumstances in order to increase the entities' government funding and (2) fail to properly train and supervise their employees. (ECF No. 1-2 at 14-17). Taken as true, these actions violate the Williams' rights under the Fourteenth Amendment, and the entities were acting under the color of state law.

The Williams sufficiently allege their § 1983 and declaratory relief claims against Dignity Health hospital, hospital social worker Maria McClay, and Dr. Leticia Campbell. To be liable under § 1983, "a private party must be a willful participant with the State or its agents in an activity which deprives others of constitutional rights." *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1100, 1108 (D. Nev. 2011) (quoting *Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1211 (9th Cir. 2002). The Williams allege that Dignity Health hospital, McClay, and Dr. Campbell, in a conspiracy with the Clark County Department of Family Services, "treated [Kayla Williams] like a prisoner based on the false allegation and CPS/Police hold" and forced Kayla Williams into labor. (ECF No. 1-2 at 8-9). Taken as true, these actions made Dignity Health hospital, McClay, and Dr. Campbell into willful participants with the Clark County Department of Family Services' activity that deprived the Williams of their Fourth and Fourteenth Amendment rights.

The Williams do not sufficiently allege their § 1983 and declaratory relief claims against Child Haven. The Williams allege that their children were placed at Child Haven following a protective custody hearing and that the children suffered injuries while there, such as vomiting from stress, ear infections, bruises, rashes, and losing the ability to breastfeed. (ECF No. 1-2 at 9-10). As previously discussed, the Williams cannot bring claims on behalf of their children in this case. *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). The Williams fail to allege that any of their rights were violated by Child Haven—Child Haven was not responsible for taking their children, and only received the children after a Court hearing.

4

The Williams also do not sufficiently allege their § 1983 and declaratory relief claims against Tisa Evans. As an initial matter, Tisa Evans is not listed in the "Parties" section of the complaint, though she is listed as a Defendant in the caption. (ECF No. 1-2 at 1-6). The Williams' only allegations regarding a "Tisa" is that "Tisa Ombudsman…agreed CPS acted under color of law after a meager 2 hour 'Horse and Pony Show' Phone call investigation." (*Id.* at 14-15). Without any details regarding when or how the investigation took place or its effect on the Williams, the complaint does not contain a short and plain statement showing the Williams are entitled to relief against Tisa Evans.

Because the Williams' claims against Child Haven and Tisa Evan may be cured by amendment, the Williams will have an opportunity to amend their complaint as outlined below. Should they choose to not amend their complaint, the case will proceed on their other claims.

Accordingly, and for good cause shown,

IT IS ORDERED that the Williams' Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 1-1) are GRANTED.

IT IS FURTHER ORDERED that the Williams' are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file the Williams' complaint (ECF No. 1-2).

IT IS FURTHER ORDERED that the Williams have until November 13, 2018 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order will result in a recommendation for dismissal with prejudice of their claims against Child Haven and Tisa Evans, though the other claims will be allowed to proceed.

IT IS FURTHER ORDERED that if an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 10th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE